**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**RODNEY M. NEWMAN,**

                   **Petitioner**                     **13-CV-531**
        **-v-**

**J. LEMPKE,**

                     **Respondent.**
_____

## <u>DECISION AND ORDER</u>

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.  Dkt. #9.

Petitioner commenced this _habeas corpus_ action seeking relief pursuant to 28 U.S.C. § 2254 from his convictions following a jury trial of promoting a sexual performance by a child, in violation of New York Penal Law § 263.15; two counts of unlawful surveillance, second degree, in violation of New York Penal Law § 250.45(2); forcible touching, in violation of New York Penal Law § 130.52; and two counts of endangering the welfare of a child, in violation of New York Penal Law § 260.10(1), for which he is currently serving a principal sentence of  2⅓ to 7 years.  Dkt. #1.  Petitioner claims that: (1) the evidence was insufficient to support conviction on the charge of promoting a sexual performance by a child and the verdict was against the weight of the evidence; (2) the admission of videotape evidence was without sufficient foundation or demonstration of an appropriate chain of custody; and (3) he is innocent and his conviction constitutes a miscarriage of justice caused, in part, by trial counsel's failure

to investigate and prepare for trial and to call petitioner's brother as an alibi witness. Dkt. #1.

In response to the petition, respondent argues that the only constitutional claim that was properly exhausted in the state court proceedings was the claim of legal sufficiency of the evidence.  Dkt. #16, p.15.

Currently before the Court is petitioner's motion to hold his petition for writ of *habeas corpus* in abeyance while he exhausts his state remedies.  Dkt. #17. Specifically, petitioner seeks to pursue his claims of ineffective assistance of counsel and actual innocence by filing a motion pursuant to New York Criminal Procedure Law § 440 ("C.P.L. § 440 ").  Dkt. #17, p.2.

Respondent opposes the motion on the ground that petitioner has failed to demonstrate good cause for his failure to exhaust his claims prior to the filing of this petition.  Dkt. #18, ¶ 4.

In reply, petitioner declares that he asked appellate counsel to pursue a C.P.L. § 440 claim of ineffective assistance of trial counsel in conjunction with his direct appeal, but was informed by letters dated July 8, 2011 and October 28, 2011 that there were no grounds for such a claim.  Dkt. #20, ¶ 4 & Dkt. #20, p.7.  Thereafter, petitioner retained another attorney who did not proceed with petitioner's claim of ineffective assistance of counsel and instead returned petitioner's retainer in December of 2012.

Dkt. #20, ¶ 4 & Dkt. #20, p.9.  Petitioner declares that his limited legal knowledge

prevented him from proceeding pursuant to C.P.L. § 440, and that the statute of

limitations forced him to concentrate on this *habeas* petition rather than the C.P.L. §

440 motion.  Dkt. #20, ¶ 5.  Petitioner declares that his ineffective assistance of trial

counsel claim has merit because his trial attorney

> did nothing to prepare for trial including, request a bill of particulars
> and speak with the alibi witness, [sic] at trial counsel did not
> effectively cross-examine the prosecution's key witnesses using
> their prior inconsistent statements and testimony.  Impeachment of
> key witnesses could have opened the door to testimony favorable
> to the petitioner, undermined the prosecutions [sic] trial theory, and
> cast doubt on complainants [sic] credibility.

Dkt. #20, ¶ 6. Petitioner declares that his actual innocence claim has merit because the

alibi testimony would have established that petitioner was not present at the time of the

sexual performance.  Dkt. #20, ¶ 6.


## DISCUSSION AND ANALYSIS

28 U.S.C. § 2244(d)(1) provides a one year statute of limitation upon

petitions for writ of *habeas corpus*.  The statute of limitations begins to run on the date

on which the judgment became final by the conclusion of direct review or the expiration

of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).  In the instant case, the

statute began to run on May 15, 2012 – 90 days after the New York Court of Appeals,

in *People v. Newman*, 18 N.Y.3d 926 (2012), denied plaintiff leave to appeal from the

affirmance of his conviction by the Appellate Division.  *Williams v. Artuz*, 237 F.3d 147,

151 (2d Cir.) (AEDPA limitations period begins to run upon "completion of direct

appellate review in the state court system and either the completion of *certiorari*

proceedings in the United States Supreme Court, or – if the prisoner elects not to file a petition for *certiorari* – the time to seek direct review *via certiorari* has expired."), *cert. denied,* 534 U.S. 924 (2001).  Thus, the statute of limitations expired on May 15, 2013 and the petition, dated May 14, 2013, was timely.  See *Adeline v. Stinson*, 206 F.3d 249, 251 n.1 (2d Cir. 2000)(In accordance with the "prison mailbox rule," when a prisoner is proceeding *pro se*, the court will consider his petition for writ of *habeas corpus* to have been filed as of the date it was signed and dated).

A *habeas* petition containing both exhausted and unexhausted claims is a "mixed petition."  *Rhines v. Weber*, 544 U.S. 269, 271 (2005).  When presented with a mixed petition, the Court may dismiss the petition entirely; allow the petitioner to withdraw the unexhausted claims; or stay the petition and hold it in abeyance while the petitioner presents the unexhausted his claims in state court.  *Id.* at 276-77.  "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Id.* at 277.  Even if a petitioner had good cause for the failure to exhaust his state remedies in the first instance, the district court would abuse its discretion if it were to grant a stay if the unexhausted claims are plainly meritless.  *Id.*  In addition, the district court must guard against abusive litigation tactics or intentional delay.  *Id.* at 278.  Thus, the district court should only grant a motion to stay a *habeas* petition that contains both exhausted and unexhausted claims if: (1) the petitioner had good cause

for his failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3)

the petitioner did not engage in intentionally dilatory litigation tactics." *Id*. at 278.


Although there is relatively little guidance as to what constitutes good

cause under *Rhines*, the lower courts have generally concluded that

> the good cause standard applicable in consideration of a
> request for stay and abeyance of a federal *habeas* petition
> requires the petitioner to show that he was prevented from
> raising the claim, either by his own ignorance or confusion
> about the law or the status of his case, or by circumstances
> over which he had little or no control, such as the actions of
> counsel either in contravention of the petitioner's clearly
> expressed desire to raise the claim or when petitioner had
> no knowledge of the claims existence.

*Hanesworth v. Greene*, 2007 WL 1201585, at *3-4 (W.D.N.Y. April 22, 2007), *quoting*

*Riner v. Crawford*, 415 F. Supp.2d 1207, 1211 (D. Nev. 2006); *See Nickels v. Conway*,

No. 10-CV0413, 2013 WL 4403922, at *5 (W.D.N.Y. Aug. 15, 2013) (reasonable

confusion about state court procedure constitutes good cause); *Keating v. People*, 708

F. Supp.2d 292, 299-300 (E.D.N.Y. 2010) (confusion as to whether claims were

exhausted satisfies good cause requirement).


In contrast, district courts have determined that they "cannot grant

petitioner a stay of his *habeas* petition for the sole reason that petitioner failed to bring

his claim earlier." *Holguin v. Lee*, No. 13 Civ. 1492, 2013 WL 3344070, at *2 (S.D.N.Y.

July 3, 2013), *quoting Spells v. Lee*, No. 11-CV-1680, 2012 WL 3027865, at *6

(E.D.N.Y. July 23, 2012); *See Scott v. Phillips*, 2007 WL 2746905, at *7 (E.D.N.Y. Sept.

19, 2007) ("Were the Court to grant a stay simply on the basis that petitioner did not bring the claim earlier, despite admittedly being previously aware of the facts supporting the claim, it would be defeating AEDPA's twin purposes of encouraging finality and increasing the incentives for petitioners to exhaust all claims prior to filing *habeas* petition in federal court."). A *pro se* petitioner's lack of legal acumen is also insufficient to demonstrate good cause. *See Holguin*, 2013 WL 3344070, at *2; *Madrid v. Ercole,* No. 08 Civ. 4397, 2012 WL 6061004, at *2 (E.D.N.Y. Dec. 6, 2012); *Spells*, 2012 WL 3027865, at *7.

In the instant case, petitioner articulated his ineffective assistance of counsel claim prior to the filing of his appeal of the underlying conviction and was aware, more than four months prior to the expiration of the statute of limitations, that neither his appellate counsel nor another attorney retained by petitioner would be presenting this claim to the state courts in a C.P.L. § 440 motion. Petitioner concedes that the claim is unexhausted and does not argue that he lacked the factual basis or failed to understand the process for presenting it to the state courts. Accordingly, petitioner has failed to demonstrate good cause for his failure to exhaust his state court remedies. As a result, his motion to stay is denied.

**SO ORDERED.**

DATED:     Buffalo, New York
           September 30, 2014

                                   s/ H. Kenneth Schroeder, Jr.
                                   **H. KENNETH SCHROEDER, JR**
                                   **United States Magistrate Judge**